UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

MENAHEM KATZ,

                        Plaintiff,                     **MEMORANDUM & ORDER**
                                                                     12-CV-2440 (MKB)

            v.

SHARINN & LIPSHIE, P.C.,

                        Defendant.

----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Menahem Katz commenced the above-captioned action on May 16, 2012, alleging Defendant Sharinn & Lipshie, P.C., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1693 *et seq.* ("FDCPA"), by failing to disclose during an oral communication that it was attempting to collect a debt and that any information provided by Plaintiff would be used for that purpose. Although properly served, Defendant failed to respond to the Complaint and on November 21, 2012, Plaintiff sought a notice of default which was entered by the Clerk of the Court on the same day. Plaintiff has moved for a default judgment, statutory damages, attorneys' fees and costs. For the reasons set forth below, the Court grants Plaintiff's motion for a default judgment and awards Plaintiff $250.00 in statutory damages, $2,593.00 in attorneys' fees and $457.72 in costs.

    **I. Background**

       The following facts are derived from the Complaint and are accepted as true for purposes of the liability portion of this motion. Plaintiff is a resident of the State of New York. (Compl. ¶ 2.) Defendant is a law firm, specializing in debt collection, with a principal place of business in Uniondale, New York, and authorized to practice law in the State of New York. (*Id.* ¶¶ 3–4.)

Defendant was hired to begin collection activities on an alleged consumer debt from Plaintiff. (*Id.* ¶ 8.) Defendant began collection activities on the alleged consumer debt on an unknown date prior to September 26, 2011. (*Id.* ¶ 8.) On or about September 26, 2011, at approximately 10:34 a.m., Defendant called Plaintiff and left a message for Plaintiff on his answering machine regarding the alleged debt. (*Id.* ¶ 9.) The message stated:

> Hi um this message is for um Medachim Kaditz, Kaditz this is Miss Renee Kelly returning your phone call. Please call us back today as soon as possible. Today is now Monday the 26th. My number is 516-873-6699 extension 113.

(Affirm. in Supp. of Request for Entry of Default ("Default Affirm.") Ex. C.)

Plaintiff claims that the voice message constituted "false, deceptive, or misleading representation and unfair debt collection practices" under the FDCPA, because Defendant "failed to state that it was attempting to collect a debt, and that any information would be used for that purpose." (*Id.* ¶ 9–11.) "As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged." (*Id.* ¶ 11.) Plaintiff seeks $1,000.00 in statutory damages, plus $3,722.00 in attorneys' fees and $457.72 in costs. (Default Affirm. ¶¶ 13–14.)

## II. Discussion

### a. Liability

The FDCPA was enacted in order to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(2); *see also Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343, 347 (E.D.N.Y. 2009) (explaining that the FDCPA was designed to "protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices"). "The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses[,] or abuses any debtor, and the making of any false, misleading, or deceptive

2

statements in connection with a debt, and it requires that collectors make certain disclosures." *Friedman v. Sharinn & Lipshie, P.C.*, No. 12-CV-3452, 2013 WL 1873302, at *4 (E.D.N.Y. Mar. 28, 2013) (quoting *Forman v. Academy Collection Serv., Inc.*, 388 F. Supp. 2d 199, 202 (S.D.N.Y. March 30, 2005)), *report and recommendation adopted*, No. 12-CV-3452, 2013 WL 1869924 (E.D.N.Y. May 3, 2013); *Forman*, 388 F. Supp. 2d at 202 (citing 15 U.S.C. §§ 1692d, 1692e, 1692f). Generally, a plaintiff must satisfy three requirements in order to recover under the FDCPA: "(1) [T]he plaintiff must be a 'consumer,' (2) the defendant must be a 'debt collector,' and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Friedman*, 2013 WL 1873302, at *4 (alteration in original) (quoting *Oscar v. Prof'l Claims Bureau, Inc.*, No. 11-CV-5319, 2012 WL 2367128, at *3 (E.D.N.Y. June 1, 2012), *report and recommendation adopted*, No. 11-CV-5319, 2012 WL 2367136 (E.D.N.Y. June 19, 2012)). The FDCPA is "remedial in nature and should be liberally construed." *Lee v. Kucker & Bruh, LLP*, No. 12-CV-04662, 2013 WL 3982427, at *3 (S.D.N.Y. Aug. 2, 2013); *see also Cerrato v. Solomon & Solomon*, No. 11-CV-623, 2012 WL 6621339, at *5 (D. Conn. Dec. 18, 2012) ("As the statute is intended to protect consumers and prevent abusive practices, the statute must be liberally construed in favor of consumers." (citations omitted)); *Leyse v. Corporate Collection Servs., Inc.*, No. 03-CV-8491, 2006 WL 2708451, at *3 (S.D.N.Y. Sept. 18, 2006) ("The Second Circuit has warned against excessive leniency toward violating debt collectors when interpreting the FDCPA."), *on reconsideration in part*, 2007 WL 1225547 (S.D.N.Y. Apr. 19, 2007).

Plaintiff has alleged a valid FDCPA claim. First, Plaintiff alleges that Defendant was attempting to recover an alleged *consumer* debt. *See* 15 U.S.C. § 1692a(3) (defining "consumer" as "any natural person obligated or allegedly obligated to pay any debt"); *Friedman*, 2013 WL 1873302, at *4 (finding that the plaintiff had sufficiently alleged that he was a "consumer" where

3

he alleged that the defendant was attempting to recover an alleged consumer debt). Second, Plaintiff alleges that Defendant is a debt collector as defined by the FDCPA.[1] (Compl. ¶ 4.) Third, Plaintiff alleges that Defendant violated Section 1692e(11) of the FDCPA by failing to state that it was attempting to collect a debt and that any information would be used for that purpose. (Compl. ¶¶ 9–10; *see also* Default Affirm. ¶¶ 6–7.) This failure alone is sufficient to establish a violation of Section 1692e(11). *See Dona v. Midland Credit Mgmt., Inc.*, No. 10-CV-0825, 2011 WL 941204, at *2 (E.D.N.Y. Feb. 10, 2011) (holding that a single voicemail message in which the employee of the defendant failed to identify herself as a debt collector was, without more, "sufficient to constitute a violation of the FDCPA disclosure requirement" (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2d Cir. 1989))), *report and recommendation adopted*, No. 10-CV-0825, 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011); *see also Thomas v. Am. Serv. Fin. Corp.*, No. 12-CV-4235, 2013 WL 1898954, at *6 (E.D.N.Y. May 7, 2013) ("[C]ourts have found that 'the FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector.' Instead, the court need only find proof of a single violation of the FDCPA to establish civil liability against the debt collector." (citations omitted)); *Castro v. Green Tree Servicing LLC*, No. 10-CV-7211, 2013 WL 4105196, at *5 (S.D.N.Y. Aug. 14, 2013) ("[B]ecause the FDCPA imposes strict liability, 'a consumer need not show intentional conduct by the debt collector to be entitled to damages,' and a 'single violation of the FDCPA is sufficient to impose liability.'" (citations omitted)).

---

[1] Under the FDCPA, the term "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

4

Plaintiff has adequately alleged facts that state a cause of action under the FDCPA, and, in light of Defendant's default, those allegations are deemed admitted. *See S.E.C. v. Razmilovic*, --- F.3d ---, ---, 2013 WL 3779339, at *1 (2d Cir. July 22, 2013) (deeming the allegations in the complaint admitted in light of the defendant's default); *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) ("[I]t is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." (quoting *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011))); *Friedman*, 2013 WL 1873302, at *6 ("When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability."). Plaintiff's motion for default judgment is granted.

### b. Statutory Damages

The FDCPA provides for statutory damages of up to $1,000 at the discretion of the court. *See* 15 U.S.C. § 1692k(a)(2)–(3); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("[T]he award of statutory damages is in the discretion of the district court . . . ."); *Cordero v. Collection Co., Inc.*, No. 10-CV-5960, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012) ("[T]he decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." (quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998))). The statute requires that, in determining the amount of statutory damages, the court consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *see also Hirsch v. ANI Mgmt. Grp., Inc.*, No. 12-CV-3454, 2013 WL 3093977, at *2 (E.D.N.Y. June 18, 2013) (applying statutory factors listed in 15 U.S.C. § 1692k(b)(1)). "Generally, courts have awarded less than the $1,000 statutory maximum damages 'where there is no repeated pattern of intentional abuse

or where the violation was technical.'" *Woods v. Sieger, Ross & Aguire, LLC*, No. 11-CV-5698, 2012 WL 1811628, at *4 (S.D.N.Y. May 18, 2012) (quoting *Dunn v. Advanced Credit Recovery Inc.*, No. 11-CV-4023, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012)); *see also Hirsch*, 2013 WL 3093977, at *3 ("Awards of the statutory maximum are typically granted in cases where the defendants' violations are egregious." (quoting *Cook v. First Revenue Assurance, L.L.C.*, No. 10-CV-5721, 2012 WL 272894, at *2 (E.D.N.Y. Jan. 9, 2012))); *Friedman*, 2013 WL 1873302, at * 7 ("Awards of the $1,000 statutory maximum 'are typically granted in cases where the defendants' violations are egregious.'" (quoting *Dona*, 2011 WL 941204, at *2)).

Plaintiff does not allege a pattern of noncompliance by Defendant or that the violation, which consisted of a single voicemail, was intentional. *See Weiss v. Zwicker & Associates, P.C.*, 664 F. Supp. 2d 214, 218 (E.D.N.Y. 2009) (noting that there was "no pattern of noncompliance" on the part of the defendant and no evidence that the "violation was intentional" when reducing the requested award of statutory damages). Although the voicemail failed to comply with the FDCPA, it does not establish "particularly egregious or intimidating conduct." *See Cordero*, 2012 WL 1118210, at *2 (finding that a single letter regarding the collection of an outstanding medical bill that violated the FDCPA did not "establish particularly egregious or intimidating conduct"). Under these circumstances a statutory award of $250 is appropriate. *See, e.g.*, *Cordero*, 2012 WL 1118210, at *2 (awarding $250 statutory damages to each plaintiff where defendant sent each plaintiff a letter requesting payment of an outstanding medical bill in order to avoid any further legal action); *Bonafede v. Advanced Credit Solutions, LLC*, No. 10-CV-956S, 2012 WL 400789, at *2–3 (W.D.N.Y. Feb. 7, 2012) (awarding $250 in statutory damages where the defendant called on a number of occasions, disclosed confidential information to other family members, and threatened legal action); *Twarozek v. Midpoint Resolution Grp., LLC*, No.

6

09-CV-731S, 2011 WL 3440096, at *4 (W.D.N.Y. Aug. 8, 2011) (awarding $250 in statutory damages where three calls transpired between defendant and the plaintiff or plaintiff's daughter, defendant only initiated one of the calls, and defendant communicated to a third party about the plaintiff and made multiple false representations to the plaintiff and a third party, because the acts were "not so persistent or egregious as to warrant the statutory maximum penalty"); *Copper v. Global Check & Credit Servs., LLC*, No. 10-CV-145S, 2010 WL 5463338, at *2 (W.D.N.Y. Dec. 29, 2010) (awarding $250 statutory damages where defendant called plaintiff's daughter more than once, disclosed plaintiff's debt, and failed to provide proper notice of the debt); *Estay v. Moren & Woods, LLC*, No. 09-CV-620A, 2009 WL 5171881, at *2 (W.D.N.Y. Dec. 22, 2009) (awarding plaintiff $250 in statutory damages where defendant "ma[de] harassing telephone calls on more than [one] occasion; . . . ma[de] empty threats of litigation; and . . . disclos[ed] alleged debt information improperly to a third party").

### III. Attorneys' Fees and Costs

#### a. Attorneys' Fees

The FDCPA authorizes successful litigants to recover the costs of the action and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(2)–(3); *Jacobson*, 516 F.3d at 95 ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs . . . ." (emphasis omitted)); *Woods*, 2012 WL 1811628, at *5 (quoting *Jacobson*, 516 F.3d at 95). All applications for attorneys' fees must be accompanied by contemporaneous time records specifying, "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *Handschu v. Special Services Div.*, 727 F. Supp. 2d 239, 242 (July 28, 2010) (quoting *Carey*, 711 F.2d at 1154). In calculating what attorneys' fees are "reasonable," courts within the Second Circuit generally employ the "presumptively reasonable fee" method, which requires the court to calculate "the number of

7

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Muller v. Twentieth Century Fox Film Corp.*, No. 08-CV-02550, 2011 WL 3678712, at *2 (S.D.N.Y. Aug. 22, 2011); *see also Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007) ("The presumptively reasonable fee analysis involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award."); *Akman v. Pep Boys Manny Moe & Jack of Delaware, Inc.*, No. 11-CV-3252, 2013 WL 4039370, at *5 (E.D.N.Y. Aug. 7, 2013) ("The reasonable hourly rate determined by the court is multiplied by the number of hours reasonably expended, resulting in a 'presumptively reasonable fee' or lodestar amount.").

### i. Hourly Rates

The "reasonable hourly rate" is based on "what a reasonable, paying client would be willing to pay," bearing "in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183–84, 189–90 (2d Cir. 2008); *see also Akman*, 2013 WL 4039370, at *3–4 ("In deciding whether fees and costs are reasonable, the Court must consider 'what a reasonable client would be willing to pay.'" (citation omitted)); *Trs. of Local 813 Ins. Trust Fund v. Bradley Funeral Serv., Inc.*, No. 11-CV-2885, 2012 WL 3871759, at *5 (E.D.N.Y. Aug. 10, 2012) (explaining that a court must consider "what a reasonable client would be willing to pay"). "The rates awarded should reflect counsel's experience as well as 'the nature of representation and type of work involved in a case.'" *Townes v. City of New York*, No. 12-CV-3201, 2013 WL 153726, at *2 (E.D.N.Y. Jan. 15, 2013) (quoting *Arbor Hill*, 522 F.3d at 184). The "community" for purposes of this calculation, is the district where the district court sits. *Arbor Hill,* 522 F.3d at 190; *see also Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–76 (2d

Cir. 2009). The party seeking fees bears the burden of establishing that the rates charged and the number of hours expended are reasonable. *See Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. March 26, 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Plaintiff was represented by Frederick Shulman & Associates ("counsel" or "the Firm"), and counsel has filed contemporaneous time records specifying the hours each attorney or paralegal worked and the tasks performed on each date. (Default Affirm. Ex. E.) *See Scott v. City of New York*, 643 F.3d 56, 58–59 (2d. Cir. 2011); *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. . . . Accordingly, the party seeking an award of attorney's fees must support its application by providing contemporaneous time records that detail 'for each attorney, the date, the hours expended, and the nature of the work done.'" (citing *Hensley*, 461 U.S. at 453 and *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007); quoting *N.Y. Ass'n for Retarded Children, Inc*, 711 F.2d at 48)). Services were performed by Frederick Schulman Esq., a named partner in the Firm who has been practicing for over 30 years, Jacob. J. Scheiner Esq.,[2] an associate at the Firm who was admitted to practice law in New York in 2011, Samuel Ehrenfeld, another associate who has been practicing for over ten years, and David Levy, a paralegal with over four years of experience. (Default Affirm. ¶¶ 4–7.) Counsel's hourly rates of $400 for partners and $325 for associates exceed the rates usually awarded to counsel with similar experience in this district for this type of work. *See, e.g.*, *Pall Corp. v. 3M Purification Inc.*, No. 97-CV-7599, 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) ("Recent opinions

---

[2] While counsel provided the number of years each attorney has been practicing, they did not provide that information for Scheiner. According to the NY State Attorney admission website, Scheiner was admitted to the New York bar in 2011.

issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates." (citation and internal quotation marks omitted)) (collecting cases); *Crapanzano v. Nations Recovery Ctr., Inc.*, No. 11-CV-1008, 2011 WL 2847448, at *2 (E.D.N.Y. Jun. 29, 2011) (holding that in this district, hourly rates normally have ranged from $200 to $350 an hour for partners, $200 to $250 for senior associates with four or more years of experience, $100 to $150 an hour for junior associates with one to three years of experience, and $70 to $80 for paralegals), *report and recommendation* adopted, No. 11-CV-1008, 2011 WL 2837415 (July 15, 2011). The Honorable Judge Frederic Block, adopting the recommendation of Magistrate Judge Cheryl Pollack, has previously determined, in a similar FDCPA case brought by the same Firm in which the defendant defaulted, that the rate for Schulman's time be reduced to $275 per hour, and that the requested rate of Scheiner's and Ehrenfeld's time be reduced to $225 per hour. *See Friedman*, 2013 WL 1873302, at *10. This Court finds those reduced rates reasonable.

Counsel requests a rate of $90 per hour for paralegal services. "Recently, reasonable hourly rates in this district have ranged from . . . $70–$100 for paralegals." *Ferrara v. Prof'l Pavers Corp.*, No. 11-CV-1433, 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) (surveying cases and utilizing a rate of $80 per hour for paralegal); *see also Akman*, 2013 WL 4039370, at *2 (reducing the rate for work performed by the paralegal to $80 per hour); *Guzman v. Joesons Auto Parts*, No. 11-CV-4543, 2013 WL 2898154, at *5 (E.D.N.Y. June 13, 2013) ("For paralegals, the presumptively reasonable hourly billing rate is $75.00."); *Apex Mar. Co., Inc. v. Furniture, Inc.*, No. 11-CV-5365, 2013 WL 2444151, at *6 (E.D.N.Y. June 5, 2013) (adopting recommendation to reduce paralegal rate from $130 per hour to $80 per hour). The Court finds

10

that $90 per hour exceeds the rate typically awarded for paralegal services working on comparable matters. Judge Block, on the recommendation of Magistrate Judge Pollack, has previously determined that $85 per hour is a reasonable rate for Levy's work. *See Friedman*, 2013 WL 1873302, at *10. This Court agrees and reduces the requested paralegal rate to $85 per hour.

### ii. Hours Billed

The award for attorneys' fees sought by Plaintiff is based on 1 hour billed by Schulman, a partner, 6 hours billed by Ehrenfeld, an associate, 4 hours billed by Scheiner, another associate, and 0.8 hours billed by Levy, a paralegal, for a total of 11.8 hours. (Default Affirm. Ex. E.) Having reviewed the time records submitted, the Court finds that the time spent is reasonable, in light of other FDCPA cases in which fees were awarded following the entry of default judgment. *See Friedman*, 2013 WL 1873302, at *11 (finding that a total of 11.4 hours of work by Schulman, Enrenfeld, Scheiner and Levy in an FDCPA case in which the defendant defaulted was "within the range of reasonable, given the amount of work performed"); *see also Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 212 (E.D.N.Y. 2009) (awarding attorneys' fees following defendant's default, and finding 9.2 hours of work was "not out of line with other FDCPA cases"); *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 197 (N.D.N.Y. 2008) (finding that 11 hours of work was not excessive in an FDCPA action in which the defendant defaulted).

### iii. Total Fees

Based on the reduced rates determined by the Court, Plaintiff is awarded $275.00 for 1 hour of work by Schulman, $1350.00 for 6 hours of work by Enrenfeld, $900.00 for 4 hours of work by Scheiner, and $68.00 for 0.8 hours of work by Levy, for a total award of $2,593.00 in attorneys' fees.

### b. Costs

Plaintiff seeks reimbursement of $350.00 for the Court's filing fee, $99.00 for service of process, $1.32 in postage costs and $7.40 for photocopies. (Affirm. of Pl.'s Counsel as to Attorneys' Fees and Costs ¶ 10.) The Court finds these costs to be reasonable, and awards $457.72 in costs. *See Friedman*, 2013 WL 1873302, at *12 (awarding $436.24 in costs for filing fees, service of process fees, photocopying, postage, and facsimiles); *see also Cordero*, 2012 WL 1118210, at *3 (awarding $410.00 for filing and service of process fees in FDCPA action); *Crapanzano*, 2011 WL 2847448, at *3 (awarding $550 in costs for FDCPA action).

## IV. Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion for default judgment. The Court awards Plaintiff statutory damages in the amount of $250.00, fees in the amount of $2,593.00 and costs in the amount of $457.72.

SO ORDERED:

S/ MKB
MARGO K. BRODIE
United States District Judge

Dated: September 11, 2013
      Brooklyn, New York